IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**MARK D. DUNDEE**                                                                                         **PLAINTIFF**

v.                                    Civil No.: 4:08-cv-4127

**SHERIFF LINDA RAMBO** *et al.*                                                               **DEFENDANTS**

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate at the Bowie County Correctional Center in Texarkana, Texas, filed this action pro se under 42 U.S.C. § 1983. ECF No. 1. Pursuant to the provisions of 28 U.S.C. 636(b)(1)(3) (2005), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Now before the Court is Plaintiff's Motion to Amend. ECF No. 52. After considering the briefing in this case, *see* ECF No. 53, this Court recommends Plaintiff's Motion to Amend be **DENIED without prejudice.**

### I. Background

In his Complaint, Plaintiff makes a conditions of confinement claim, a denial of medical care claim, and a claim based upon an inadequate grievance procedure. ECF No. 1. In the Motion to Amend now before this Court, Plaintiff seeks to amend his Complaint to add a claim for false imprisonment. ECF No. 52.

### II. Applicable Law

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not

> yet on the trial calendar. (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Rule 15(a), Fed.R.Civ.P.

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994).

Even so, a district court's denial of a plaintiff's motion to amend has consistently been upheld when the proposed amendment is futile. *See Runningbird v. Weber*, 198 Fed. Appx. 576 (8th Cir. 2006) (unpublished) (per curiam); *Gray v. McQuilliams*, 14 Fed. Appx. 726 (8th Cir. 2001) (unpublished) (per curiam); and *Holloway v. Dobbs*, 715 F.2d 390 (8th Cir. 1983).

**III.   Discussion**

In the case at bar, there is no indication the motion by Plaintiff is filed in bad faith or with dilatory motive. However, a motion for Summary Motion has been filed by Defendants, and this Court, upon request by Plaintiff, has prepared a questionnaire which will serve as a response to the Motion for Summary Judgment. See ECF Nos. 44, 38, 37. Plaintiff has also filed his own Motion for Summary Judgment. ECF No. 49. Thus, to allow additional claims would cause delay and

prejudice to both parties.

Perhaps an even greater consideration is the fact that the proposed amendment – a claim of false imprisonment, could be futile.  The Eighth Circuit has held that "false imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which protects only against deprivations of liberty accomplished without due process of law." *King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir.  1998), *cert. denied*, 525 U.S. 1002 (1998) (*quoting Baker v. McCollan*, 443 U.S. 137, 145 (1979)) (internal quotation marks omitted).

Moreover, Plaintiff's false imprisonment claims are not cognizable at this time.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*, at 486-87.

The rationale of *Heck* has been applied to Section 1983 Complaints filed while the criminal charges are pending.  *See, e.g., Sith v.  Holtz*, 87 F.ed 108, 113 (3rd Cir.  1996).  In *Smith*, the Third Circuit Court of Appeals stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. Claims by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Action of 1871.  If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and

a potential conviction on a pending charged that may be entered at some point thereafter.

*Id.*

### IV. Conclusion

Accordingly, the Motion to Amend, ECF No. 52, should be **DENIED** without prejudice to the refiling of such a claim in state court.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED this 12th day of January 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE